UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL TYRONE STURGHISS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:24-cv-00882-JRO-MJD |
| | ) |
| JARROD L. WISER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Michael Tyrone Strughiss is proceeding in this matter on Fourth Amendment wrongful search and seizure claims against Defendants related to his ongoing criminal case. *See* dkts. 48, 56. Pending before the Court is Defendants' motion to dismiss for failure to state a claim, dkt. 68, in addition to other motions. For the following reasons, that motion is **GRANTED**, and this action is **DISMISSED without prejudice**.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

The Court takes judicial notice of the state court proceeding related to this matter when discussing the factual and procedural background. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (noting court may judicially notice state court records when ruling on a motion to dismiss).

On May 6, 2024, Officer Jarold Wiser conducted a traffic stop of Sturghiss for speeding and failing to wear a seatbelt. Dkt. 48 at 2; dkt. 69-2 at 1-2. Officer Wiser observed with his car radar that Sturghiss was traveling 70 miles per hour in a 60 miles per hour zone. Dkt. 69-2 at 1.

Sturghiss informed Officer Wiser that he did not have a driver's license or vehicle registration. Dkt. 2 at 2; dkt. 69-2 at 1. Officer Wiser instructed Sturghiss to identify himself, but Sturghiss refused. Dkt. 2 at 2; dkt. 69-2 at 1. Officer Wiser called for backup and Officer Steven Love arrived. Dkt. 2 at 2; Dkt. 69-2 at 1. Both officers again asked Sturghiss to identify himself and he again refused. Dkt. 2 at 2. Officer Wiser then instructed Sturghiss to step out of his vehicle. Dkt. 2 at 2; Dkt. 69-2 at 1. When he refused, both officers forcefully pulled Sturghiss out of the vehicle and Officer Wiser placed him in handcuffs and conducted a search of his pockets. Dkt. 2 at 2-3. Officer Love then stood with Sturghiss while Officer Wiser searched Sturghiss's car. Dkt. 2 at 3; Dkt. 69-2 at 1. Three more officers then arrived – Officers Travis Derret, Michael Watt, and Trevis McLaughlin – and assisted with searching the car. Dkt. 2 at 3.

One of the officers discovered the vehicle's VIN and a document containing Sturghiss's name. Dkt. 2 at 3; dkt. 69-2 at 1-2. This information was used to check a law enforcement database, which indicated Sturghiss had an outstanding warrant out of Shelby County, Indiana. Dkt. 2 at 3; dkt. 69-2 at 2. Sturghiss's license was suspended, and his truck had not been registered since 2002. Dkt. 69-2 at 2. Officer Wiser noted that Sturghiss has several stickers on his truck, and a false and fictitious plate where the license plate should have gone, stating "not for hire, not in commerce, not a vehicle" and "private automobile, personal use only." Dkt. 69-2 at 2. Officer Wiser recognized the phrases on the stickers and license plate to be phrases used by so-called

sovereign citizens. *Id.* The officers transported Sturghiss to the local jail and his car was impounded. Dkt. 2 at 3; Dkt. 69-2 at 2.

Officer Wiser noted these events in an Affidavit for Probable Cause filed in *State of Indiana v. Michael T. Sturghiss*, Cause Number 41H01-2405-CM-000408. Dkt. 69-2. Franklin City County Deputy Prosecuting Attorney Daphne Whitmire filed an Information charging Sturghiss with refusal to identify self, a Class C Misdemeanor, in that case on May 14, 2024. Dkt. 69-1.

On May 28, 2024, Sturghiss filed his complaint against the Officers involved in his arrest, an Auto Group company, the Johnson County Sheriff's Department, and the Shelby County Jail. Dkt. 1. After all defendants either answered or moved to dismiss the claims, Sturghiss filed a motion to amend his complaint. Dkt. 47. This motion was granted, and the operative complaint in this action is the Amended Complaint filed on August 9, 2024. Dkt. 48, dkt. 56.

The Court screened this complaint and allowed Fourth Amendment wrongful search and seizure claims to proceed against Defendants Officers Jarrod Wiser, Steven Love, Travis Derret, Michael Watt, and Trevis McLaughlin. Dkt. 56 at 3-4. The Court also stayed this matter pending resolution of the Sturghiss's ongoing criminal case in Franklin City Court under cause number 41H01-2405-CM-000408. *Id.* at 5.

A bench trial was conducted in the criminal case, and Strughiss was found guilty of the crime of Failure to Self-Identify, Class C Misdemeanor. Dkt. 69-3. After Sturghiss's criminal case was resolved, the Court lifted the stay in this matter. Dkt. 66.

The Defendants have filed a renewed motion to dismiss. Dkt. 68. Sturghiss filed his response to the motion to dismiss, and then filed a surreply after the Defendants filed their reply. Dkts. 70, 72. Sturghiss has since filed a several motions: "Notice of Unopposed Motion and Request for Entry of Order," dkt. 77, and "Motion to Voluntarily Withdraw Notice of Unopposed Motion," dkt. 80, and a "Response to Defendants' Response to Plaintiff's Filing Entitled 'Notice of Unopposed Motion and Request for Entry of Order' (docket 79) and Motion for Leave to File Supplemental Response to Defendants' Motion to dismiss (Docket 68)," dkt. 81.

## II.    MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true" but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Under Federal Rule of Evidence 201(b)(2), the court may "take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Fosnight v. Jones*, 41 F.4th 916,

922 (7th Cir. 2022) (cleaned up). "It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss." *Id.* "And taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Id.* (cleaned up).

### III.    DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that a plaintiff may not bring a suit for damages under 42 U.S.C. § 1983 if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" To bring a claim under § 1983 in these circumstances, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

"Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019) (the existence of probable cause precludes section 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). " Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of*

*Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).   "[T]he testimony of a single, impartial eyewitness is sufficient to support probable cause[.]"   *Bailey*, 779 F.3d at 694.

Here, Sturghiss must prove he was arrested and imprisoned in the absence of probable cause to prevail on his Fourth Amendment claims against Defendants.   Sturghiss's allegations challenge whether Officer Wiser had probable cause to arrest him.   *See* dkt. 48 generally, and at 3-4 ("Therefore the seizure was conducted by Officer Weiser without probable case, as there was no reasonable basis to believe the Plaintiff had committed, was committing, or was about to commit a crime.").   But these allegations necessarily imply the invalidity of his own admissions in his complaint, and subsequent conviction and sentence for Failure to Self-Identify in his criminal case.   Dkt. 48 at 2 ("After repeated demands for identification and the Plaintiff's continued refusal to provide it...").   His claims, then, are barred by *Heck*.   512 U.S. at 486.   Because this resolves all of Plaintiff's claims in this action, the Court need not address any of the other bases for dismissal raised by the Defendants.

In sum, Sturghiss is attempting to challenge his criminal conviction, which has not been overturned.   Accordingly, Defendants' motion to dismiss, dkt. [68], is **GRANTED**, and Sturghiss's claims are **DISMISSED without prejudice**.   *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) (noting that because there is the possibility of future state-court proceedings, *Heck* claims must be dismissed without prejudice).

### IV.    PENDING MOTIONS

Sturghiss has filed several pending motions.  Dkts. 77, 80, 81. Sturghiss requests to withdraw his motion at docket 77, and that motion, dkt. [80], is **GRANTED**.  The "Notice of Unopposed Motion and Request for Entry of Order," dkt. [77] is **WITHDRAWN and should be STRICKEN**.  Sturghiss's request to file a supplemental response to the motion to dismiss five months belatedly is **DENIED**, dkt. [81].  Sturghiss did not provide good cause why he could not have included his supplemental argument in either his reply or surreply.  Sturghiss argues that his surreply was filed to address the new arguments in Defendants' Reply.  The Court has considered Sturghiss's surreply in this Order.

### V.    CONCLUSION

Sturghiss's motion to withdraw his prior motion, dkt. [80], is **GRANTED** and his motion at dkt, [77], is **STRICKEN**.  Sturghiss's motion to file a supplemental response to his motion to dismiss, dkt. [81], is **DENIED**.

Because Sturghiss's claims imply that his arrest and detention for intimidation were unlawful, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Defendants' motion to dismiss, dkt. [68], is **GRANTED**, and the claims are **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  Final judgment shall enter by separate entry.

**SO ORDERED.**
Date: 5/21/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL TYRONE STURGHISS
1695 Farm Meadow Drive
Greenwood, IN 46143

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com

Daniel J. Paul
WILLIAMS BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com